WALTON W. SMITH v. HENRY A. JOHNSON.

(Filed 18 March, 1936.)

**Boundaries B b—Equitable matters may be set up by defendant in proceeding to establish boundary.**

In a proceeding to establish a disputed boundary, C. S., 361, defendant filed answer denying the allegations of the petition, and alleging as a further answer and defense that the common grantor represented when the deeds were simultaneously executed that the boundary was as contended by defendant, and that if the deeds called for the boundary claimed by plaintiff, such boundary was inserted in the deeds by mutual mistake of the parties, and prayed that the common grantor be made a party

defendant and the deeds reformed, or that defendant recover from the common grantor damages suffered by reason of its representation of the boundary otherwise than as contained in the deeds. *Held:* The common grantor should have been made a party and the cause transferred to the civil issue docket for trial of the issues of fact raised by the answer, and judgment sustaining plaintiff's demurrer *ore tenus* to the further answer and defense and remanding the cause to the clerk for further proceedings, is erroneous. C. S., 363 (4), 758, 457.

APPEAL by the defendant from judgment sustaining demurrer *ore tenus* to further answer and defense and remanding the cause to the clerk, entered by *Sinclair, J.,* at September Term, 1935, of JOHNSTON. Reversed.

This proceeding was instituted under chapter 9 of the Consolidated Statutes, sections 361, *et seq.,* to establish the boundary line between the lands of the plaintiff and defendant, wherein the plaintiff alleges that he is the owner and entitled to the possession of certain lands contiguous to the lands of the defendant, and that the defendant is encroaching upon his lands and cultivating a part thereof, to his damage, and that the true boundary line between their lands is as set out in the complaint.

The defendant filed answer wherein he denies the allegations of the complaint, and sets up as a further answer and defense that there was a mutual mistake in the drafting of the deeds from the Home Insurance and Realty Company to the plaintiff and to the defendant, respectively, for the lands involved in this controversy, that the said deeds were simultaneously drawn and delivered to the plaintiff and defendant by said Home Insurance and Realty Company, the immediate predecessor in title of both the plaintiff and the defendant, and that said Home Insurance and Realty Company, through its properly constituted agents, represented to the plaintiff and to the defendant that the dividing line between the lands involved was located as alleged by the defendant, and that both the plaintiff and the defendant acted upon said representation in purchasing said lands, and if the dividing line contained in the deeds is located otherwise than as so represented, such location was inserted in the deeds by the mutual mistake of the Home Insurance and Realty Company and of both the plaintiff and the defendant. The defendant asked that the Home Insurance and Realty Company be made a party defendant, and that the true dividing line be adjudged to be as alleged in the further answer, or, in the event that it be not so adjudged that the defendant recover damages of said insurance and realty company suffered by reason of its representation that the boundary line was otherwise than contained in its deeds.

Subsequent to the filing of the answer and further defense, the clerk, upon motion of the defendant, found that there was involved in the

proceeding an issue of fact as to whether there had been a mutual mistake in the execution of the deeds by the Home Insurance and Realty Company to the plaintiff and to the defendant, respectively, and transferred the cause to the civil issue docket, and ordered that the Home Insurance and Realty Company be made a party defendant and that summons issue accordingly.

To the further answer and defense the plaintiff demurred *ore tenus,* and moved the court to remand the cause to the clerk for determination as provided by statute in processioning proceedings. The court sustained the demurrer and allowed the motion. From the ruling of the court the defendant appealed, assigning error.

*E. J. Wellons for plaintiff, appellee.*
*Parker & Lee for defendant, appellant.*

SCHENCK, J. C. S., 361, provides that when boundary lines are in dispute that they may be established by a special proceeding in the Superior Court of the county in which the land, or any part thereof, is situated. C. S., 363 (4), provides that the procedure in processioning proceedings shall be the same as in special proceedings. C. S., 758, provides that in special proceedings a defendant or other party thereto may plead any equitable or other defense, or ask any equitable or other relief in the pleadings which it would be competent to ask in a civil action, and that when such pleas are filed the clerk shall transfer the cause to the civil issue docket for trial during term upon all the issues raised by the pleadings. C. S., 457, provides that all persons may be made defendants who are necessary parties to the complete determination or settlement of the question involved.

It therefore appears that the plaintiff properly commenced this proceeding, C. S., 361, and that the procedure was that of special proceedings, C. S., 363 (4), and that it was competent for the defendant to plead the equitable relief of mutual mistake, and when this plea was filed the clerk properly transferred the cause to the civil issue docket, C. S., 758, and that the court was authorized to make the Home Insurance and Realty Company a party defendant, C. S., 457.

The allegation of mutual mistake of the Home Insurance and Realty Company, the common grantor of the plaintiff and defendant, and of the plaintiff and defendant as grantees in the deeds simultaneously executed and delivered to them by said insurance and realty company, raised an issue which the defendant was entitled to have submitted to the jury, and rendered erroneous the judgment sustaining the demurrer *ore tenus* to the further answer and defense and remanding the cause to the clerk.

Reversed.